[Cite as *In re A.S.*, 2021-Ohio-3013.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| IN THE MATTER OF: A.S. | JUDGES:<br>Hon. Craig R. Baldwin, P.J.<br>Hon. W. Scott Gwin, J.<br>Hon. William B. Hoffman, J.<br><br>Case No. 2021 AP 04 0011<br><br>O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Tuscarawas County<br>Court of Common Pleas, Juvenile Court<br>Division, Case No. 20 JC 00156 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | August 31, 2021 |

APPEARANCES:

| | |
|---|---|
| For Appellee – Tuscarawas County Job<br>& Family Services | For Appellants |
| JEFF M. KIGGANS<br>Tuscarawas County Job & Family<br>Services<br>389 – 16th Street, S.W.<br>New Philadelphia, Ohio 44663 | NICHOLAS A. DOUGHTY<br>401 Tuscarawas Street, W. – Suite #201<br>Canton, Ohio 44702<br><br>For Mother |
| Guardian Ad Litem | JOHN GARTRELL<br>Assistant Public Defender<br>P.O. Box 1026 |
| GERRI DENHEIJER<br>222 W. Main Street<br>Ravenna, Ohio 44266 | New Philadelphia, Ohio 44663 |

*Hoffman, J.*

**{¶1}** Appellant Randy Shaffer, II ("Father") appeals the March 26, 2021 Judgment Entry entered by the Tuscarawas County Court of Common Pleas, Juvenile Division, which terminated his parental rights with respect to his minor child ("the Child") and granted permanent custody of the Child to appellee Tuscarawas County Job and Family Services ("TCJFS").

STATEMENT OF THE FACTS AND CASE

**{¶2}** Father and Bryce Minor ("Mother")[1] are the biological parents of the Child. TCJFS became involved with Mother and her two older children in February, 2020 (Tuscarawas County Court of Common Pleas Case No. 2020JN00055) due to concerns about Mother's methamphetamine use and unstable housing, as well as her lack of cooperation with TCJFS on a non-court basis. On June 23, 2020, Mother gave birth to the Child.

**{¶3}** TCJFS filed a request for an emergency ex-parte order of removal of the Child June 24, 2020. On the same day, the magistrate issued an ex-parte order placing the Child in the emergency temporary custody of TCJFS. The trial court conducted a shelter care hearing on June 25, 2020. Via Judgment Entry filed on June 29, 2020, the trial court granted temporary custody of the Child to TCJFS, appointed Attorney Gerrit Denheijer as Guardian ad Litem for the Child, and ordered Father have no visitation with the Child as Father tested positive for THC and amphetamines on the day of the hearing.

**{¶4}** On June 26, 2020, TCJFS filed a complaint, alleging the Child was dependent and seeking temporary custody of the Child. Father did not appear at the

---

[1] Mother is not a party to this Appeal.

adjudicatory hearing on August 20, 2020. Mother appeared and stipulated to the complaint. The trial court adjudicated the Child dependent, continued temporary custody with TCJFS, and adopted the case plan. The trial court continued its order of no visitation between Father and the Child.

{¶5} On November 30, 2020, TCJFS filed a Motion to Modify Prior Disposition, seeking permanent custody of the Child. Therein, TCJFS asserted Father was not appropriate for custody as he had a serious drug problem and a significant criminal history. TCJFS noted Father appeared at hearings early in the case, but had not had contact with TCJFS for several months. On December 18, 2020, the trial court approved TCJFS's amendments to the case plan, which included the removal of Father from the case plan for failing to meet with the case worker and appear for appointments.

{¶6} The trial court conducted a hearing on the TCJFS's motion to modify on March 23, 2021. The following evidence was adduced at the hearing.

{¶7} Jaime Grunder, the on-going case manager assigned to the family, testified she met with Father following the shelter care hearing on June 25, 2020. Father indicated he wanted to be on the case plan. Grunder contacted Father in July, to discuss the case plan services. At the time, Father was staying with a friend in New Rumley, Ohio, but did not have the address. Father informed Grunder his mail could no longer be sent to his mother's address, but would "get back with her" with an address once he moved to New Philadelphia. Father never provided Grunder with an address; therefore, she was unable to send him a copy of his case plan.

{¶8} Father's case plan required him to submit to drug screens as requested, obtain and maintain stable housing and employment, complete a psychological

evaluation, undergo a drug and alcohol assessment, attend parenting classes, and not engage in any future criminal activity.  Grunder indicated Father failed to comply with any of his case plan.  Father failed to meet with Grunder on a regular basis.  Father was never granted visitation because of his drug use.

{¶9}    Father provided only one drug screen during the pendency of the case, which was at the semi-annual review hearing on January 26, 2021.  The test was positive for methamphetamine.  Father admitted the test would be positive.  Father had also tested positive for methamphetamine at the shelter care hearing and admitted he was using.  Grunder was never able to verify housing or employment for Father.   Father did not complete his psychological evaluation or undergo a drug and alcohol assessment.  Father attended only one parenting class and never completed the program.

{¶10} When Case No. 2020JN00055 commenced, Father was on parole.  Between August and September, 2020, Father served a one-month jail sentence in Huron County.  Father was arrested on a warrant on January 26, 2021, and served time in Tuscarawas County Jail.  At the time of the final hearing, Father was completing a treatment program at the Stark Regional Community Corrections Center ("SRCCC") and was scheduled to be released at the end of June, 2021.  Father also had pending felony charges.

{¶11} The Child is placed with her siblings and is bonded with the foster family.  The Child is developmentally on target, is healthy, and appears happy.   The GAL recommended TCJFS be granted permanent custody of the Child.

{¶12} Via Judgment Entry filed March 26, 2021, the trial court terminated all of Father's parental rights and granted permanent custody of the Child to TCJFS.  The trial

court found the Child could not and should not be placed with Father within a reasonable time and it was in the Child's best interest to grant permanent custody to TCJFS.

{¶13} It is from this judgment entry Father appeals, raising the following assignments of error:

I. THE TRIAL COURT ERRED IN GRANTING PERMANENT CUSTODY TO THE TUSCARWAS [SIC] COUNTY JOB AND FAMILY SERVICES BECAUSE THE AGENCY FAILED TO PROVE BY CLEAR AND CONVINCING EVIDENCE THAT THE CHILD CANNOT AND SHOULD NOT BE PLACED WITH FATHER WITHIN A REASONABLE PERIOD OF TIME.

II. THE TRIAL COURT ERRED IN FINDING THAT IT WAS THE BEST INTEREST OF THE CHILD TO DENY FATHER'S MOTION TO EXTEND TEMPORARY CUSTODY AND TO TERMINATE PARENTAL RIGHTS AND PLACE THE CHILD IN THE PERMANENT CUSTODY OF TUSCARWAS [SIC] COUNTY JOB AND FAMILY SERVICES BECAUSE IT WAS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE.

{¶14} This case comes to us on the expedited calendar and shall be considered in compliance with App. R. 11.2(C).

I, II

{¶15} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent

and credible evidence upon which the fact finder could base its judgment. *Cross Truck v. Jeffries* (Feb. 10, 1982), Stark App. No. CA5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr.* (1978), 54 Ohio St.2d 279.

**{¶16}** R.C. 2151.414 sets forth the guidelines a trial court must follow when deciding a motion for permanent custody. R.C. 2151.414(A)(1) mandates the trial court schedule a hearing and provide notice upon the filing of a motion for permanent custody of a child by a public children services agency or private child placing agency that has temporary custody of the child or has placed the child in long term foster care.

**{¶17}** Following the hearing, R.C. 2151.414(B) authorizes the juvenile court to grant permanent custody of the child to the public or private agency if the court determines, by clear and convincing evidence, it is in the best interest of the child to grant permanent custody to the agency, and that any of the following apply: (a) the child is not abandoned or orphaned, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents; (b) the child is abandoned; (c) the child is orphaned and there are no relatives of the child who are able to take permanent custody; or (d) the child has been in the temporary custody of one or more public children services agencies or private child placement agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999.

**{¶18}** Therefore, R.C. 2151.414(B) establishes a two-pronged analysis the trial court must apply when ruling on a motion for permanent custody. In practice, the trial court will usually determine whether one of the four circumstances delineated in R.C. 2151.414(B)(1)(a) through (d)is present before proceeding to a determination regarding the best interest of the child.

**{¶19}** If the child is not abandoned or orphaned, the focus turns to whether the child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents. Under R.C. 2151.414(E), the trial court must consider all relevant evidence before making this determination. The trial court is required to enter such a finding if it determines, by clear and convincing evidence, that one or more of the factors enumerated in R.C. 2151.414(E)(1) through (16) exist with respect to each of the child's parents.

**{¶20}** As set forth in our statement of the facts and case, supra, Father failed to complete any aspect of his case plan. Father's case plan required him to submit to drug screens as requested, obtain and maintain stable housing and employment, complete a psychological evaluation, undergo a drug and alcohol assessment, attend parenting classes, and not engage in any future criminal activity.

**{¶21}** Father continued to use methamphetamine throughout the case. Father tested positive for methamphetamine at the shelter care hearing and at the semi-annual review hearing. He did not submit to any other drug screen. When Case No. 2020JN00055 commenced, Father was on parole. During the pendency of the instant matter, Father was in jail on at least two occasions. At the time of the permanent custody

hearing, Father was completing a drug program at SRCCC, but was not scheduled to be released until the end of June, 2021.  Father also had pending felony charges.

**{¶22}** Grunder was never able to verify housing or employment for Father.  Father did not complete his psychological evaluation or undergo a drug and alcohol assessment.  Father attended only one parenting class and never completed the program.

**{¶23}** The Child is placed with her siblings and is bonded with the foster family.  The Child is developmentally on target, is healthy, and appears happy.   The GAL recommended TCJFS be granted permanent custody of the Child.

**{¶24}** Based upon the foregoing, we find the trial court's finding the Child could not be placed with Father within a reasonable period of time or should not be placed with him is not against the manifest weight of the evidence.  We further find the trial court's finding it was in the Child's best interests to grant permanent custody to TCJFS is not against the manifest weight of the evidence. We also find no error in the trial court's decision to deny Father's motion for an extension of time.  The record is devoid of any evidence Father would make any efforts to work on his case plan.

**{¶25}** Father's first and second assignments of error are overruled.

**{¶26}**  The judgment of the Tuscarawas County Court of Common Pleas, Juvenile

Division, is affirmed.

By: Hoffman, J.

Baldwin, P.J.  and

Gwin, J. concur